# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 5:11cr00013-3 |
| v. ) | |
| ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| CHASITY VIRGINIA REED, ) | |
| ) | By: Hon. James G. Welsh |
| *Defendant* ) | U.S. States Magistrate Judge |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing.

The Grand Jury previously returned a multiple count Indictment charging in **Count One** that from on or about the Spring of 2010 to on or about August 12, 2010 this defendant and others willfully and knowingly conspired with each other and with diverse other persons to possess with intent to distribute more than 28 grams of a mixture and substance containing a measurable amount of cocaine base or "crack," a Schedule II controlled substance, and to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base or "crack," in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(iii), all in violation of Title 21, United States Code, Section 846; and charging in **Count Five** that on or about August 11, 2010 this defendant and a codefendant knowingly and intentionally possessed with intent to distribute a mixture or substance containing a measureable amount of cocaine base or "crack," a Schedule II controlled substance, and did aid and abet one another in doing so, in violation of 21 U.S.C. §

841 and 18 U.S.C. § 2. In addition, the Indictment contains a **Notice of Forfeiture** apprising the defendant that certain of her property was subject to forfeiture upon conviction of any one or more of the offenses alleged against her.

The plea hearing was conducted before the undersigned on JUNE 3, 2011. The defendant was at all times present in person and with her counsel, Sherwin L. Jacobs. The United States was represented by Grayson A. Hoffman, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g), Federal Rules of Criminal Procedure.

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to Count One of the Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

The defendant was placed under oath and addressed personally in open court. She expressly acknowledged that she was obligated to testify truthfully in all respects under penalty of perjury and that she understood the government's right, in a prosecution for perjury or false statement, to use against her any statement that she gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: her full legal name is CHASITY VIRGINIA REED; she is thirty-five (35) years of age; she has a General Education Diploma, and she is able to read, write and understand English without difficulty.  She testified that she had no medical condition, either physical or mental, which might interfere with her ability to understand and to participate fully in the proceeding; she stated she was using no alcoholic beverage, medication or drugs which might impair her ability to participate fully in the proceeding and that her mind was clear.  She stated that she understood she was in court for the purpose of entering a plea of guilty to a felony offense which she could not later withdraw.  Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter a plea of guilty to the felony offense charged in Count One of the Indictment.

The defendant acknowledged that she had received a copy of the Indictment, and it had been fully explained to her.  She stated that she had discussed the charges with her attorney, and she had been given enough time to do so.  She stated she understood the nature of each charge against her in the Indictment and specifically understood each charged a felony offense.  *See* Rule 11(b)(1)(G).  She testified that she had discussed any possible defenses with her attorney and that she had been given adequate time to prepare any defenses she might have to the charges.  She stated that her decision to enter a plea of guilty had been made after consulting with her attorney.  She stated she was fully satisfied with the services of her attorney, and it was her intention and desire to enter a guilty plea to the felony offense charged in Count One.

The defendant confirmed that she fully recognized and understood her right to have the Rule 11 hearing conducted by a United States district judge, and she gave her verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for the parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel for the government set forth the government's understanding of the plea agreement in some detail including: the agreement for the defendant to plead guilty to Count One of the Indictment [¶ A.1.]; the defendant's express acknowledgment of both the maximum and mandatory minimum sentence for the offense charged in Count One, [¶ A.1.]; the defendant's understanding that she may be required to pay fees for her incarceration and supervised release, that she may be required to pay restitution, and that her assets may be subject to forfeiture [¶¶ A.1. and B.4.a.]; the defendant's admission of her factual guilt to the offense charged in Count One of the Indictment [¶ A.1.]; the defendant's obligation to pay a $100.00 special assessment per felony count of conviction and the related restitution and assessment provisions [¶¶ A.1. and B.4.a.]; the defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2.]; the terms of the government's obligation to dismiss as to this defendant Count Five of the Indictment at the time of sentencing [¶ A.3.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that she would not be allowed to withdraw her guilty plea irrespective of the sentence imposed by the court

[¶ B.1.]; the defendant's stipulation that all matters pertaining to any of the counts of the charging document are relevant sentencing conduct [¶ B.2]; the parties' express agreement concerning the drug weight for which the defendant is to be held accountable for purposes of Guideline §§ 2D.1 and 1B1.3 [¶ B.2.]; the substantial assistance provision [¶ B.3.]; the agreement's provisions concerning the defendant's monetary obligations including those pertaining to special assessments, fines, restitution and forfeiture [¶ B.4.a.]; the defendant's financial disclosure obligation [¶ B.4.b.]; the terms of the defendant's express waiver of her right of direct appeal [¶ C.1.]; the terms of the defendant's express waiver of her right to make any collateral attack on any judgment or sentence imposed by the court [¶ C.2.]; the defendant's abandonment of any seized property [¶ C.5.]; the defendant's waiver of all rights to access of investigation or prosecution records or information [¶ C.3.]; the government's breach of agreement remedies [¶ D.]; the defendant's acknowledgment that she had been effectively represented in this case [¶ E.3.]; the parties express acknowledgment that the written plea agreement constituted the entire understanding between the parties and constituted a binding agreement [¶¶ E.2. and E.4.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

After which, the defendant was asked what her understanding of the terms of the agreement was, and she testified that her understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same; he further represented that the plea agreement had been fully reviewed with the defendant, and he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement; and she affirmed it to be her signature on the document. She further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce her to enter a plea of guilty and that no one had attempted in any way to force her to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After the range of punishment for the offense charged in Count One of the Indictment had been outlined, the defendant acknowledged that she understood the minimum mandatory penalty provided by law for conviction of the offense charged in Count One of the Indictment to be confinement in a federal penitentiary for five (5) years,[1] and she understood the maximum penalty provided by law for the said offense was confinement in a federal penitentiary for forty (40) years, a $2,000,000.00 fine, and a term of supervised release. *See* Rule 11(b)((H)-(I). In addition, the defendant acknowledged that she understood that she would be required to pay a mandatory $100.00 special assessment per felony conviction count. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that she knew her plea, if accepted, would result in her being adjudged guilty of a felony offense and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

---

[1] The defendant was also informed that she could be sentenced to less than five years imprisonment only if she qualifies for the "Safety-Valve" set forth in 18 U.S.C. § 3553(f) or if the government chooses to make a motion for reduction of her sentence on substantial assistance grounds pursuant to 18 U.S.C. § 3553(e).

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. She also acknowledged that she understood the court may order her to make full restitution to any victim and may require her to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). She stated that she understood that the court will not be able to determine the recommended guideline sentence for her case until after the pre-sentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that she knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and she knew that irrespective of any sentence imposed by the court she would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). She acknowledged that she knew parole had been abolished and that she would not be released on parole. She further acknowledged that she knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and she knew any violation of the terms or conditions of such supervised release could result in her being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶ C.1.], the defendant expressly acknowledged that she understood that she was giving-up all waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶ C.2.], she expressly acknowledged that she understood she was giving-up all waivable rights to challenge her conviction or sentence in any post-conviction proceeding.

Each of her procedural rights surrendered on a plea of guilty was also explained: including, her right to plead not guilty to any offense charged against her and her right to persist in any such not guilty plea; her attendant right to a trial by an impartial jury; her right to counsel to assist in her defense; her presumption of innocence, the obligation of the government to prove her guilt beyond a reasonable doubt; her right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against her; her right to decline to testify unless she voluntarily elected to do so in her own defense; her right to remain silent; her right to the issuance of

subpoenas or compulsory process to compel the attendance of witnesses to testify in her defense; and her right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that she understood her right to plead not guilty and the attendant trial rights that she would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that she was pleading guilty to the offense charged in Count One because she had in fact participated in an illegal conspiracy and in the related illegal distribution of "crack" as alleged in Count One of the Indictment.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted for filing as part of the record a written Statement of Facts which summarized the facts that the government was prepared to prove at trial. The defendant and her counsel each represented that the defendant had reviewed it and was fully aware of its contents. With the signature of the defendant and with the acknowledgment of the defendant and her attorney that the written Statement of Facts fairly summarized the government's case, it was received, filed and made a part of the record. *See* Rule 11(b)(3).

After testifying that she had heard and understood all parts of the proceeding and after consulting further with her attorney, the defendant, by counsel, waived a reading of the indictment. Upon being called-upon for her plea the defendant entered a plea of GUILTY to Count One alleging her violation of Title 21, United States Code, Section 846. The clerk then

read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering her plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. She reconfirmed that her decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed her complete satisfaction with the services and assistance of her attorney.

The defendant was then informed that acceptance of the plea agreement and her guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that she would be asked to give information for that report, that her attorney may be present if she wished, and that she and her attorney would have the right to read the pre-sentence report and to file objections to it. The defendant was then continued on her bond upon the same terms and conditions pending preparation of a pre-sentence report and acceptance of her guilty plea.

**GOVERNMENT'S EVIDENCE**

The agreed written Statement of Facts referenced above is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea to the charge set forth in Count One of the Indictment;

2. The defendant is fully aware both of the nature of the charge set forth in Count One of the Indictment and of the consequences of her guilty plea;

3. The defendant is fully informed, and she understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The defendant's entry into the plea agreement and her tender of a plea of guilty to Count One were made with the advice and assistance of counsel;

6. The defendant knowingly and voluntarily entered her plea of guilty to Count One of the Indictment;

7. The defendant's plea of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

9. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to the offense charged in Count One of the Indictment, that she be adjudged guilty of this felony offense, that the government's motion to dismiss Count Five

as to this defendant be granted, and that a sentencing hearing be set by the scheduling clerk for the presiding district judge.

### NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: 8th day of June 2011.

                                                      *s/ James G. Welsh*
                                                  U.S. Magistrate Judge